UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JULIO PEREZ,

                Petitioner,                  **MEMORANDUM AND ORDER**

        v.                                                  20-CV-2864 (RPK)

CHRISTOPHER MILLER,

                Respondent.
----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      Petitioner, a state prisoner, requests that his petition for a writ of habeas corpus under 28 U.S.C § 2254 be held in abeyance while he exhausts some of his claims in state court. For the reasons set out below, I deny his request and dismiss the petition without prejudice. Petitioner may file a petition containing his pending state claims after they are exhausted, or, in the alternative, he may file a petition containing only exhausted claims.

## BACKGROUND

      Petitioner was convicted of two counts of assault in the first degree and three counts of endangering the welfare of a child in Kings County in 2014. *See* Petition at 1 (Dkt. #1);[*] *People v. Perez*, 168 A.D.3d 988 (N.Y. App. Div. 2019). He appealed, arguing that the State's evidence was legally insufficient to support his convictions on the assault charges. Petition at 2; *Perez*, 168 A.D.3d at 988. Petitioner also filed a supplemental brief *pro se* arguing that the state court erred by permitting the prosecution to amend his indictment and failing to hold pretrial hearings, that the prosecution's witnesses lacked credibility, and that his trial counsel was ineffective. Petition at 2; *see Perez*, 168 A.D.3d at 989. The New York Appellate Division affirmed his

---

[*] Citations follow the pagination assigned by the Electronic Court Filing ("ECF") system rather than the documents' internal pagination.

conviction, and petitioner sought leave for further review by the New York Court of Appeals. Petition at 2; *Perez*, 168 A.D.3d at 988. Petitioner asked the Court of Appeals to review the appellate court's ruling that the evidence was legally sufficient. Petition at 3. The Court of Appeals denied his application on April 30, 2019. *People v. Perez*, 33 N.Y.3d 980 (N.Y. 2019). Petitioner's convictions became final 90 days later. *See Valverde v. Stinson*, 224 F.3d 129, 132 (2d Cir. 2000).

On April 22, 2020, petitioner filed a motion to vacate his convictions under New York Criminal Procedure Law ("CPL") § 440.10 in the Supreme Court of the State of New York, Kings County. Petition at 3; *see* N.Y. Crim. Proc. § 440.10. Petitioner's CPL § 440.10 motion claims that prosecutors engaged in misconduct, that petitioner is actually innocent, that his trial counsel was ineffective, that his due process rights were violated, and that his indictment was defective. Letter from Julio Perez dated Aug. 12, 2020 at 8 (Dkt. #7) (copy of CPL § 440.10 motion).

On June 29, 2020, petitioner filed a habeas petition in this Court. *See* Petition. The grounds in the federal petition overlap with, but are not identical to, the claims raised on direct appeal and in the CPL § 440.10 motion. Petitioner asks for habeas relief based on due process violations, defects in the indictment, the absence of trial court jurisdiction over his case, ineffective assistance of trial counsel, and prosecutorial misconduct. Petition at 5-11. Petitioner describes each of these claims as presently being presented to state courts through his CPL § 440.10 motion. Petition 5-12. He suggests that the claims presented in his CPL § 440.10 motion are exhausted because he has presented them to state courts in that motion—even though the motion has not yet been decided. Petition at 5; Letter from Julio Perez dated Oct. 8, 2020 at 1

2

(Dkt. #9). But he asks the Court to stay his federal petition and hold it in abeyance until the state court resolves his CPL § 440.10 motion. Petition at 9.

On July 31, 2020, the Court ordered respondent to show cause why the writ should not be issued by September 30, 2020. (Dkt. #6). On September 21, 2020, respondent filed a letter noting that petitioner had requested a stay. *See* Letter from Jean M. Joyce, docketed as Mot. to Stay (Dkt. #8). The letter did not take a position on petitioner's request. *Ibid.* Instead, respondent asked the Court to stay the deadline for respondent's answer if the Court stayed the petition. *Ibid.* Respondent has not yet filed an answer to the federal habeas petition.

Petitioner has filed several subsequent letters updating the Court on his CPL § 440.10 motion. *See* Letter from Julio Perez dated Aug. 12, 2020; Letter from Julio Perez dated Oct. 8, 2020; Letter from Julio Perez dated Mar. 21, 2021 (Dkt. #11); Letter from Julio Perez dated June 24, 2021 (Dkt. #12). On August 12, 2020, petitioner complained that the state court had not set a schedule for briefing his motion and asked this Court for "judicial intervention." Letter from Julio Perez dated Aug. 12, 2020 at 1. Although he was "unsure what [the] Court would be able to do to help," he suggested that the Court consider the merits of the CPL § 440.10 motion or, in the alternative, stay his federal petition. *Ibid.* On March 21, 2021, petitioner informed the Court that briefing had commenced on his motion. Letter from Julio Perez dated Mar. 21, 2021. He did not renew his prior request for judicial intervention. *See ibid.* Petitioner and the State have now finished briefing the CPL § 440.10 motion, which is pending. *See* Letter from Julio Perez dated June 24, 2021 at 1.

## DISCUSSION

**I.     Exhaustion**

A prisoner in state custody "must exhaust his . . . state court remedies" before a district court can grant habeas relief. *Galdamez v. Keane*, 394 F.3d 68, 72 (2d Cir. 2005).

3

A claim is unexhausted when a litigant still "has the right under the law of the State to raise, by any available procedure, the question presented" by the claim. 28 U.S.C. § 2254(c). By contrast, a claim is exhausted when a litigant has given "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Because of this requirement of a complete round of appellate review, a litigant pressing claims under CPL § 440 exhausts those claims only if he not only presents his claims through a CPL § 440 petition, but also obtains a decision on those claims and then seeks leave from the New York Appellate Division to appeal the disposition that he wishes to pursue on habeas. *See Colon v. Sheahan*, No. 13-CV-6744 (PAC) (JCF), 2016 WL 3919643, at *7 (S.D.N.Y. Jan. 13, 2016); *see also Black v. Griffin*, No. 15-CV-8112 (ALC), 2019 WL 2551685, at *13 (S.D.N.Y. Jan. 14, 2019).

An exception exists: a claim as to which a litigant has not completed a full round of appellate review may nevertheless be "deemed exhausted" if the claim has been procedurally defaulted. *See Johnson v. Kirkpatrick*, No. 11-CV-1089 (CM) (AJP), 2011 WL 3328643, at *12 n.23 (S.D.N.Y. Aug. 3, 2011) (collecting cases); *see also Mejia v. New York*, No. 17-CV-6362 (CJS), 2021 WL 409861, at *7 (W.D.N.Y. Feb. 5, 2021); *Gomez v. Brown*, 655 F. Supp. 2d 332, 346 (S.D.N.Y. 2009). That is, when "it is clear that the state court would hold the claim procedurally barred," a federal court may conclude that "a petitioner no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. § 2254(b)." *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991) (quoting *Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989)); *see Aparicio v. Artuz*, 269 F.3d 78, 91 (2d Cir. 2001) (deeming claim exhausted when "any state court to which [p]etitioner might now present this claim *would almost certain find it* procedurally barred" (emphasis added)); *Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 1997) (deeming claim

4

exhausted "because any attempt at exhaustion in the face of . . . procedural default would be futile").

Applying these principles here, the petition appears to be a mixed one. Some of petitioner's claims may be exhausted because they are procedurally defaulted. For example, petitioner appears to have presented his claim that his "[i]ndictment was illegally amended by adding additional charges," to the New York Appellate Division on direct appeal, Petition at 2, 5. After that court denied him relief, *see Perez*, 168 A.D.3d at 989, petitioner indicates that he sought further review in the New York Court of Appeals—but only as to a separate claim about the sufficiency of the evidence, Petition at 3. If petitioner is taken at his word, he procedurally defaulted this claim because he abandoned it before the Court of Appeals. *See Galdamez*, 394 F.3d at 74. Indeed, if the Court of Appeals *did* consider the amended-indictment claim and denied review, the claim would also be exhausted. *See id.* at 73 (exhaustion requires that the petitioner have "give[n] the state courts *one full opportunity* to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (quoting *Boerckel*, 526 U.S at 845).

But petitioner avers that other claims have never undergone one full round of State appellate review, and I cannot conclude that all of those claims are "plainly bar[red]" by procedural default, as would be necessary for me to nevertheless deem them exhausted. *Grey*, 933 F.2d at 120. For instance, petitioner claims that a "[p]rosecutor illegally forged court orders and [d]ecision [j]udgment [d]enying [his] [pretrial motion] by replacing the [o]rder with a [m]emorandum inside [his] case file." Petition at 10. He also claims that "[t]he original [p]rosecutor assigned to [his] case . . . was brought up on charges of corruption in which [his] case should have been reviewed for any signs of misconduct." *Id.* at 5. Petitioner represents that

5

he did not press these claims in seeking direct review of his convictions. *Id.* at 6, 10. But these prosecutorial-misconduct claims appear to rest on facts outside the record—including an alleged forgery and alleged corruption charges against a prosecutor. If so, petitioner may still be able to obtain state review of that claim through his CPL § 440.10 motion. *See Morgan v. Lee*, No. 11-CV-390 (MAT), 2012 WL 5336167, at *6 (W.D.N.Y. Oct. 26, 2012); *Simms v. Moscicki*, No. 06-CV-2056 (DLC) (AJ), 2006 WL 2466811, at *10 (S.D.N.Y. Aug. 25, 2006), *report and recommendation adopted by* 2007 WL 162295 (S.D.N.Y. Jan. 19, 2007); *cf.* N.Y. Crim. Proc. § 440.10(2)(c). Accordingly, I cannot deem this claim exhausted for purposes of federal review. *See Grey*, 933 F.2d at 120 (federal habeas court "need not require that a federal claim be presented to a state court" to satisfy exhaustion requirements if it is "*clear* that the state court would hold the claim procedurally barred" (emphasis added)). I therefore treat this petition as mixing exhausted and unexhausted claims.

## II. Stay and Abeyance

When confronted with a mixed habeas petition, a district court may:

(1) deny the petition on the merits, *see* 28 U.S.C. § 2254(b)(2);

(2) dismiss the mixed petition without prejudice, *see* 28 U.S.C. § 2254(b)(1)(A), *Rhines v. Weber*, 544 U.S. 269, 278 (2005);

(3) allow the petitioner to withdraw the unexhausted claims and then proceed to the merits of the exhausted claims, *Rhines* 544 U.S. at 278; or

(4) stay the habeas petition while the petitioner finishes exhausting his claims, *id.* at 277.

Petitioner asks this Court to stay adjudication of his habeas petition. District courts "ordinarily have authority to issue stays . . . where such a stay would be a proper exercise of discretion." *Rhines*, 544 U.S. at 276 (citations omitted). In the habeas context, however, "stay

and abeyance should be available only in limited circumstances." *Id.* at 277. "[I]f employed too frequently," the Supreme Court has warned, those procedures could frustrate the "objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings." *Ibid.* They could also undermine the goal of "streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Ibid.* Applying those principles in the context of mixed petitioners, the Supreme Court has held that district courts should stay adjudication of such petitions and hold them in abeyance only if the "petitioner ha[s] good cause for his failure to exhaust," the unexhausted claims are not "plainly meritless," and the petitioner has not "engaged in intentionally dilatory litigation tactics." *Id.* at 277-78.

The Second Circuit has not yet defined "good cause" for a *Rhines* stay. District courts have applied two different standards. *See Ramirez v. Superintendent of Shawangunk Corr. Facility*, No. 17-CV-7185 (PAE) (HBP), 2019 WL 3714992, at *2 (S.D.N.Y. Aug. 6, 2019). First, some district courts have analogized good cause in the *Rhines* context to good cause for a procedural default. *See Ramdeo v. Phillips*, No. 04-CV-1157 (SLT), 2006 WL 297462, at *5 (E.D.N.Y. Feb. 8, 2006). Those courts have required "an objective factor external to the petitioner which cannot be fairly attributed to him" that caused his failure to exhaust. *Ramirez*, 2019 WL 3714992, at *2 (quoting *Ramdeo*, 2006 WL 297462, at *5); *see Corbin v. Perez*, No. 14-CV-3200 (ER) (MHD), 2015 WL 3972252, at *3 (S.D.N.Y. June 26, 2015); *Martinez v. Mariuscello*, No. 16-CV-7933 (RJS), 2017 WL 2735576, at *2 (S.D.N.Y. June 23, 2017). Second, other district courts have "construed 'good cause' more liberally," and concluded "that a petitioner's 'reasonable confusion' whether a state filing would be timely may" also "satisfy *Rhines*'s good cause requirement." *Ramirez*, 2019 WL 3714992, at *3 (collecting cases).

7

Petitioner has not demonstrated good cause under either approach. Nowhere has petitioner explicitly argued that there is good cause for a stay. Construed liberally, petitioner's filings could be read to suggest that a stay is warranted because he is unfamiliar with the relevant law, Letter from Julio Perez dated Aug. 12, 2020 at 1 ("I am new to the [l]aw and am unsure what [the] Court would be able to do to help."). But ignorance of the law does not constitute "reasonable confusion" that gives rise to good cause for a stay. *See Ramirez*, 2019 WL 3714992, at *4 (citing *McRae v. Artus*, No. 10-CV-2988 (RRM), 2012 WL 3800840, at *10 (E.D.N.Y. Sept. 2, 2012)). And notwithstanding petitioner's professed inexperience, he has successfully filed a form petition and a CPL § 440.10 motion. *See Coleman v. Lamanna*, No. 19-CV-520 (BKS) (TWD), 2019 WL 2287809, at *3 (N.D.N.Y. May 29, 2019). Since petitioner has not shown good cause for his failure to exhaust the prosecutorial misconduct claim, I need not consider the merits of his claim or if he delayed in bringing it. *See Castro v. Lamanna*, No. 18-CV-3315 (RA), 2019 WL 293388, at *2 (S.D.N.Y. Jan. 22, 2019). The motion for a stay is denied.

Given that a stay is unwarranted, the petition is dismissed without prejudice to refiling after petitioner's state claims are exhausted. Although a court may allow a petitioner to instead simply withdraw unexhausted claims from a mixed petition, see *Rhines* 544 U.S. at 278, a substantial portion of the claims in the federal petition appear to be pending in his CPL § 440.10 motion. If petitioner proceeds with only his exhausted claims, he may lose the opportunity to have his unexhausted claims heard in federal court at all. *See* 28 U.S.C. §§ 2244(b)(2), 2244(b)(3)(A). Moreover, dismissal without prejudice is unlikely to impair petitioner's ability to return to this Court after he exhausts his claims. A properly filed application for state post-conviction relief tolls the one-year statute of limitations for filing a federal habeas petition. *Id.* §

8

2244(d)(2). Thus, so long as petitioner filed his CPL § 440.10 motion properly, the one-year limitation period for his federal habeas petition stopped running when that motion was filed. *See Saunders v. Senkowski*, 587 F.3d 543, 548 (2d Cir. 2009). Since petitioner's convictions became final 90 days after the New York Court of Appeals denied leave to appeal on April 30, 2019, and petitioner's CPL § 440.10 motion was filed on April 22, 2020, petitioner will have about 3 months in which to refile his petition in federal court once his CPL § 440.10 motion is no longer pending before the end of the federal limitations period. *Cf. Terraine v. Lee*, No. 15-CV-5354, 2016 WL 160722, at *2 (E.D.N.Y. Jan. 13, 2016) ("[T]he Court does not believe a stay is necessary to preserve petitioner's rights when the [limitations period] . . . remains tolled[] . . . ."); *Taylor v. Yelich*, No. 16-CV-1210 (FJS) (CFH), 2016 WL 6459797, at *2 (N.D.N.Y. Oct. 31, 2016) (staying petition where dismissal without prejudice would likely result in time-bar because "petitioner would only have two days left" once claims were exhausted). And "a petition dismissed for failure to exhaust state-court remedies does not count for the purpose of determining whether a future petition is second or successive." *Brefo-Sarpong v. Walcott*, No. 19-CV-6053 (EK) (LB), 2020 WL 4571823, at *3 (E.D.N.Y. Aug. 7, 2020) (citing *Murray v. Greiner*, 394 F.3d 78, 80-81 (2d Cir. 2005)). Under these circumstances, dismissal without prejudice is appropriate.

## CONCLUSION

For the reasons stated above, I deny petitioner's request for a stay and dismiss his habeas petition without prejudice.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: September 30, 2021
   Brooklyn, New York